UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

EVEREST NATIONAL INSURANCE COMPANY
as subrogee of Menachem Stark,            NOT FOR PUBLICATION

                Plaintiff,        **ORDER ADOPTING**
                                          **REPORT AND**
  -against-                             **RECOMMENDATION**

MEILICH MENDLOWITZ,
                                          10-CV-548 (KAM)(JO)
                Defendant.

----------------------------------------X

**MATSUMOTO, United States District Judge:**

        Plaintiff Everest National Insurance Company ("plaintiff" or "Everest"), as subrogee of Menachem Stark ("Stark"), commenced this action against defendant Meilich Mendlowitz ("defendant" or "Mendlowitz") on February 8, 2010, at which time it was randomly assigned to this court and to Magistrate Judge James Orenstein. On December 16, 2010, Judge Orenstein, *sua sponte,* issued a Report and Recommendation ("R&R") recommending that this action be dismissed for failure to prosecute. On December 20, 2010, plaintiff filed an objection to the R&R. For the reasons set forth below, plaintiff's objection is overruled and the complaint is dismissed.

**BACKGROUND**

        Plaintiff, as subrogee of Menachem Stark, filed this negligence action against defendant Mendlowitz on February 8, 2010, seeking damages for property damage sustained at a

building owned by Stark and insured by Everest. (ECF No. 1, Complaint.) On June 22, 2010, Judge Orenstein entered an electronic order directing plaintiff to file proof of timely service of the summons and complaint on defendant or show good cause why it failed to effectuate service, and notified plaintiff that failure to comply would result in a recommendation that the case be dismissed for failure to prosecute. (ECF No. 2, Order, dated June 22, 2010.) In a letter dated June 28, 2010, plaintiff indicated that it attempted to serve defendant at his last known address, which had been vacant since a fire that gave rise to this action. Plaintiff did not file proof of timely service.

On August 3, 2010, Judge Orenstein issued a second electronic order directing plaintiff to timely file proof of service. (ECF No. 5, Order, dated Aug. 3, 2010.) Plaintiff requested an extension of time to serve the summons and complaint, which Judge Orenstein granted, and finally served the summons and complaint on defendant on August 30, 2010. (ECF No. 7, Affidavit of Service, dated Sept. 1, 2010.) On November 3, 2010, Judge Orenstein issued an order that stated:

> A review of the docket entries in this action indicates that the summons and complaint was served on August 30, 2010, and the answer was due on September 20, 2010 but to date has not been filed. No later than December 3, 2010, one of the following events must occur: (a) the defendant must file an answer, (b) the parties must file a stipulation extending the defendant's time to answer, or (c) the

> plaintiff must file a motion for the entry of a notation of default. If none of the preceding events occurs by the deadline set forth above, I will deem the plaintiff to have abandoned the case and will promptly file a Report and Recommendation urging the assigned District Judge to dismiss the case for failure to prosecute. The plaintiff's counsel is directed to provide a copy of this order to his client and to the defendant.

None of the actions specified in the November 3 order occurred. Accordingly, on December 16, 2010, Judge Orenstein issued a R&R recommending that the action be dismissed for lack of prosecution. (ECF No. 9, R&R, dated Dec. 16, 2010.) On December 20, 2010, plaintiff filed an objection to the R&R, explaining that it had delayed in filing a motion for entry of default because defendant had stated that he was seeking counsel, and requesting that the court grant plaintiff 45 days to initiate default judgment proceedings against defendant if no answer is filed and defense counsel does not appear within 30 days. (ECF No. 11, Plaintiff's Objection to Report and Recommendations ("Pl. Obj.") at 2-3.) Plaintiff did not explain why it had failed to respond timely to Judge Orenstein's November 3 order or seek a timely enlargement of time to do so. (*See generally id.*)

## **DISCUSSION**

The court is required to make a *de novo* determination of those portions of a report and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the

3

Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's Objections and replies." *Bandham v. Lab. Corp. of Am.,* 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). Because plaintiff filed objections to the R&R, the court therefore must consider whether to dismiss the action for failure to prosecute *de novo.*

The Federal Rules of Civil Procedure provide that a court may dismiss an action for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such dismissal may occur either on motion of defendant or by the court *sua sponte. Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962). While dismissal is an appropriate remedy for failure to prosecute to avoid "undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *id.* at 629-30, it is a "harsh remedy to be utilized only in extreme situations." *Minette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir. 1993) (citations omitted). In considering whether to dismiss an action for failure to prosecute, the court should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial

> court adequately assessed the efficacy of lesser
> sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir. 2004).

As to the first factor, the court finds that the declaration of plaintiff's repeated delays in prosecuting its claim is significant. Plaintiff's nearly seven-month delay in serving the summons and complaint and plaintiff's subsequent delay in prosecuting its action by timely filing a motion for entry of default caused a delay of significant duration in this case. *See, e.g., Brown v. Gen. Nutrition Cos., Inc.,* 356 Fed. App'x 482, 486 (2d Cir. 2009) (finding that a four-month delay "cannot be said to be of insignificant duration for this analysis" but reversing on other grounds); *Nolan v. Primagency, Inc.*, 344 F. App'x 693, 694 (2d Cir. 2009) (finding that a six-month delay was adequate to warrant dismissal); *cf. Blazina v. Port Authority of New York and New Jersey,* 361 F. App'x 180, 181 (2d Cir. 2010) (reversing district court's dismissal of complaint for failure to prosecute because trial was delayed less than one hour); *Snyder v. N.Y. State Educ. Dep't*, 348 F. App'x 601, 604 (2d Cir. 2009) (reversing district court's dismissal of complaint for failure to prosecute because plaintiff missed a deadline by four days).

Here, the complaint was filed on February 8, 2010. Pursuant to Fed. R. Civ. P. 4(m), plaintiff should have served

the complaint on defendant within 120 days, by May 8, 2010, and its failure to effect service would have warranted dismissal. Instead, Judge Orenstein twice warned plaintiff to serve the summons and complaint, and, by order dated August 3, 2010, *sua sponte*, granted plaintiff until August 10, 2010 to effect service or request a further enlargement of time on a showing of good cause. (*See* ECF Nos. 2, 5.) Judge Orenstein, by order dated August 5, 2010, further granted plaintiff's request for a 30 day extension to serve the summons and complaint. (ECF Order dated Aug. 5, 2010.) Plaintiff did not serve defendant until August 30, 2010, nearly seven months after commencing this action. (*See* ECF No. 7.) Plaintiff caused further delay by not adhering to Judge Orenstein's November 3, 2010 order to file a motion for entry of default by December 3, 2010, (ECF No. 8), and instead chose only to request permission to file a motion for entry of default after Judge Orenstein's R&R had already been issued. (ECF No. 11, Pl. Obj., at 2-3.) Plaintiff's excuses for repeatedly failing to comply with Judge Orenstein's orders, without requesting timely extensions are unavailing, and caused Judge Orenstein unnecessary burdens to prompt plaintiff to move its case forward. *Lediju v. New York City Dep't of Sanitation,* No. 95 Civ. 9942, 1997 U.S. Dist. LEXIS 12406, at *16 (S.D.N.Y. Mar. 27, 1997) (dismissing complaint for failure to comply with court orders and noting

that, "'[i]f parties could ignore Court Orders with the liberty in which [plaintiff] has acted, the civil justice system would suffer, and judges would have no reason to invest their energy in case management.'") (quoting *Martin v. Mfrs. Hanover Trust,* No. 94 Civ. 6183, 1996 U.S. Dist. LEXIS 15568, at *6 (S.D.N.Y. Oct. 22, 1996)). If plaintiff delayed in seeking a default judgment because it was waiting for defendant to obtain counsel, it should have made this known to the court prior to the court-imposed deadline. Accordingly, the first factor weighs in favor of dismissing plaintiff's claims.

The second factor also weighs in favor of dismissing the action. Over a nine month period, plaintiff was repeatedly informed by Judge Orenstein that plaintiff's continued failure to take action and comply with court orders would result in a Report and Recommendation that its action be dismissed. (*See* ECF Nos. 2, 5, 8.) Thus, there is no doubt that plaintiff was on notice that non-compliance could result in a dismissal of its claims. *See, e.g., Brow v. City of New York,* No. 09-4171-cv, 2010 U.S. App. LEXIS 18625, at *3 (affirming dismissal of complaint where the court had given plaintiff notice that failure to attend his deposition would result in dismissal); *Nolan*, 344 F. App'x at 694 (affirming dismissal of complaint where the court had warned plaintiff that further delays would result in dismissal).

7

The third factor also weighs in favor of dismissal. As Judge Orenstein correctly noted, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g., Wubayeh v. City of New York*, 320 F. App'x 60, 62 (2d Cir. 2009); *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1981)).

Finally, the fourth and fifth factors also weigh in favor of dismissal. At the time of Judge Orenstein's R&R, this case had been pending for more than ten months with very little progress, and lesser sanctions would not be effective. *See, e.g., Brow,* 2010 U.S. App. LEXIS 18625, at *3 ("plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective"). As Judge Orenstein aptly noted, a "court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." (ECF No. 9, R&R, at 2-3) (citations omitted). Based on the record, plaintiff's repeated dilatory conduct, failure to prosecute and failure to comply with court orders warrants dismissal pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

Plaintiff's objection to Judge Orenstein's R&R is overruled, and the R&R is adopted in its entirety as the opinion of the court. The Clerk of Court is respectfully requested to dismiss the case in its entirety and close this case. Plaintiff shall serve a copy of this Order on defendant and file a declaration of service by February 9, 2011.

**SO ORDERED.**

Dated:   February 8, 2011
         Brooklyn, New York

                                          ____/s/_____
                                          Kiyo A. Matsumoto
                                          United States District Judge